IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUSIC Group Macao Commercial Offshore Limited, a Macao entity, and MUSIC Group Services US, Inc., a Washington Corporation<br><br>Plaintiffs,<br><br>v.<br><br>John Does I-IX<br><br>Defendants. | Civil Action No. 14cv621<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES |

NOW COMES the Plaintiffs, MUSIC Group Macao Commercial Offshore Limited and MUSIC Group Services US, Inc., (collectively "MUSIC Group"), by and through their attorneys, Seed IP Law Group PLLC, and for their Complaint against Defendants John Does I-IX, states as follows:

PREAMBLE

This is an action for injunctive relief and damages arising out of the posting of false and defamatory statements on the internet site "Twitter," under the assumed name "Uli Behringer" by or with the assistance or participation of Defendants, without authorization by Plaintiffs to use its name. This is an action for cyber fraud and abuse pursuant to The Computer Fraud and Abuse Act, 18 U.S.C.A. § 1030; cyberpiracy pursuant to Section 43(d) of the Lanham Trademark Act, 15 U.S.C.A. § 1125(d); trademark infringement, trade name infringement and false designation of origin pursuant to Section 43(a) of the Lanham Trademark Act, 15

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES ........................................................................ 1

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

U.S.C.A. § 1125(a); for copyright infringement under the federal Copyright Act, as amended (17 U.S.C. §§ 101 *et seq.*); for unfair competition under Federal and Washington common law; for intentional interference with contractual and business relations; and for trade disparagement and defamation. Plaintiffs' goodwill and reputation amongst its clients and the public has been severely harmed by Defendants' unauthorized use of the "Uli Behringer" and MUSIC Group names and maintenance of the "@NotUliBehringer" and "@Fakeuli" Twitter accounts.

## PARTIES

1. Plaintiff, MUSIC Group Macao Commercial Offshore Limited is a Macao company having its registered office at Rua De Pequim, No. 202A Macau Finance Centre, 34410 Macao ("MUSIC Group"). Plaintiff MUSIC Group Services US, Inc., is a Washington state corporation.

2. Defendants JOHN DOE et al. are an unknown defendant or unknown defendants who, upon information and belief, may be current or former employees of MUSIC Group, or both, who posted and are posting false and defamatory statements on the Internet site "Twitter," under the assumed name "Uli Behringer," the CEO of MUSIC Group. The true name of Defendants JOHN DOE et al. is unknown to Plaintiffs, who therefore sue these Defendants under such fictitious names. Plaintiffs will ask leave of the Court to amend this Complaint and insert the true names of Defendants JOHN DOES in place of the fictitious names when the same have become known to Plaintiffs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 USC § 1331, as this is an action pursuant to The Computer Fraud and Abuse Act, 18 U.S.C.A. § 1030; cyberpiracy pursuant to Section 43(d) of the Lanham Trademark Act, 15 U.S.C.A. § 1125(d); trademark infringement, trade name infringement and false designation of origin pursuant to Section 43(a) of the Lanham Trademark Act, 15 U.S.C.A. § 1125(a); for unfair competition

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES
.....................................................................2

Seed Intellectual Property Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104-7092
(206) 622-4900

under Federal and Washington common law and to secure declaratory injunctive relief under 28 USC § 2202, and for breach of contract.

4. Venue is properly laid in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §1391, because a substantial part of the events giving rise to the claims alleged by Plaintiffs occurred in this district; specifically, defamatory statements regarding Plaintiffs were posted to the internet in this district, or by using computers and servers located in this district, or by Defendants who are residing within this district. Venue is also properly laid in this District because one or more Defendants are subject to personal jurisdiction in this district and there is no other district in which the action may otherwise be brought.

5. Defendants are subject to personal jurisdiction in the Washington and the Western District of Washington because they are: (a) engaged in substantial and not isolated activities in Washington and this district; (b) committed wrongful and tortious acts within Washington and this district; (e) caused injury to persons located in Washington and this district, while at the same time they engaged in solicitation and service activities within Washington and this district; (f) reside in Washington state and within Washington and this district; or (g) are engaged in unlawful conduct in Washington and this district, specifically, by assuming the identity of Plaintiffs and publishing false and defamatory statements about Plaintiffs within Washington and this district, or using computers and servers located in Washington and this district.

6. The venue in this action is proper within the Western District of Washington pursuant to 28 USC § 1391(b), in that (i) Plaintiffs are affiliated companies and MUSIC Group Services US, Inc. is a Washington corporation, (ii) upon information and belief, one or more Defendants reside in or are situated within this judicial district, and (iii) the claims asserted by Plaintiffs arose within this judicial district.

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES
...................................................................3

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

7.     This Court has supplemental jurisdiction over Plaintiffs' Washington State Law claims asserted herein as those claims form part of the same case for controversy as the federal questions asserted herein pursuant to 28 USC § 1367(a).

## FACTUAL ALLEGATIONS

8.     MUSIC Group has become a well- known supplier of pro-audio music equipment in Washington as well as throughout the United States and around the world. Plaintiffs rely upon its goodwill and reputation amongst its consumers and the public, as that is the foundation of its sales to citizens in this state and elsewhere. Its marks MUSIC GROUP and BEHRINGER have become well known and famous in connection with the goods and services provided therewith by Plaintiffs.

9.     The Internet is the world's largest network of computer networks.  It is a decentralized, global medium of communications that links people and businesses around the world, allowing instantaneous sharing of information.  In recent years, the commercial aspects of the Internet have mushroomed, with millions upon millions of individuals and commercial enterprises engaging in daily transactions and making financial and business decisions based upon information found on the Internet.

10.    Currently, tens of millions of computers in the United States alone are linked directly to the Internet, and more than 100 million users connect to the Internet worldwide, scouring different sites for information relevant to their business, financial and personal decisions.

11.    Twitter, Inc. ("Twitter") is a global Internet media company, whose "Twitter" Web Site (http://twitter.com) has recently emerged as one of the most popular social media destinations on the World Wide Web (the "Web"), in which users can publish an on-line, publicly accessible answer to the prompted question "what are you doing?" Such status

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES
..........................................................................4

Seed Intellectual Property Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington  98104-7092
(206) 622-4900

updates, commonly known as "tweets," can be viewed and read by anyone with an account on Twitter. Each day, countless users around the world subscribe to Twitter to read these tweets.

12. More specifically, Twitter is a social networking and micro-blogging service that enables its users to send and read other users' updates known as *tweets*. Tweets are text-based posts of up to 140 characters in length. Updates are displayed on the user's profile page and delivered to other users who have signed up to receive them. Senders can restrict delivery to those in their circle of friends, but delivery to everyone is the default setting. Users can send and receive updates via the Twitter website, SMS, RSS (receive only), or through applications such as Tweetie, Twitterrific, Twitterfon, TweetDeck and feedalizr.

13. On or near March 13, 2014, at least one Defendant JOHN DOE registered an account https://twitter.com/NotUliBehringer on Twitter under the assumed name "Uli Behringer," CEO of MUSIC Group, and as its tweet posted false and defamatory statements regarding MUSIC Group and MUSIC Group's employees, including CEO Uli Behringer, on the Twitter website using the assumed name as part of the Twitter handle "NotUliBehringer." Attached hereto as Exhibit 1 is a copy of the false and defamatory postings under the "NotUliBehringer" account.

14. On information and belief, at least one Defendant JOHN DOE proceeded to post disparaging "tweets" about Plaintiffs under the assumed name "Uli Behringer" on or near March 13, 2014, and continually to and including April 24, 2014. On further information and belief, JOHN DOE is either a current employee or former employee of MUSIC Group.

15. On or near March 3, 2010, at least one Defendant JOHN DOE registered an account https://twitter.com/fakeuli on Twitter under the assumed name "Fake Uli Behringer" and, as its "tweet" posted false and defamatory statements regarding MUSIC Group and MUSIC Group's employees, including CEO Uli Behringer, on the Twitter website using the false name. Attached hereto as Exhibit 2 is a copy of the false and defamatory postings under the "Fakeuli" account.

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES .................................................................... 5

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

16. The "Fake Uli Behringer" and "NotUliBehringer" Twitter accounts are not authorized accounts of the Plaintiffs nor are they run by anyone associated and authorized by Plaintiffs.

17. On information and belief, at least one Defendant JOHN DOE proceeded to post disparaging "tweets" about Plaintiffs, under the assumed name "Fake Uli Behringer," on or near March 3-6, 2010, March 9, 2010, March 10, 2010, March 23-27, 2010, April 2, 2010, June 9, 2010, and June 10, 2010.

18. The imposter tweets included assertions that MUSIC Group supported tax evasion, domestic violence, child abuse, and misogyny. These tweets also included product disparagement regarding products manufactured and sold by MUSIC Group, including the Bugera and Behringer brands, and the X32, as well as disparaging comments about employees and outside contractors of MUSIC Group.

19. On April 23, 2014, Plaintiffs filed a formal complaint with Twitter regarding the "NotUliBehringer" account, informing Twitter that the "NotUliBehringer" Twitter account is not authorized accounts by Plaintiffs nor are they run by anyone associated with Plaintiffs, that the account is using unauthorized copies of copyrighted images, and requesting assistance in removing this account. A copy of Plaintiffs' written notice is attached as Exhibit 3.

20. Twitter responded that it would not remove the postings or inactivate the account. Attached as Exhibit 4 is a copy of Twitter's response dated April 23, 2014. To date, Twitter has failed and refused to remove or retract any of the defamatory material or suspend or deactivate the account.

21. Defendants' unauthorized use of MUSIC Group's marks, trade names, and domain names confusingly similar to Plaintiffs' registered and common law marks and trade names has eroded and will continue to erode the goodwill and reputation embodied in Plaintiff's distinctive marks and brands. Defendants' unauthorized copying, reproduction,

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES
...................................................................6

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

display, transmission, and creating derivative works of Plaintiff's copyrighted photographs constitutes infringement of Plaintiff's copyrights in these works.

22. Since the time of these postings, the false and defamatory statements regarding MUSIC Group have remained available to the millions of Twitter users, and Plaintiffs have no means of removing these false and defamatory statements and infringing materials from the website.

23. For the above reasons, Plaintiffs' rights will continue to be infringed, relevant customers will likely suffer confusion or will actually be confused, mistaken, or deceived, and Plaintiffs' goodwill and reputation will continue to be harmed, if not destroyed.

## COUNT I

### VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

24. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 23 as fully rewritten herein.

25. Defendants have wrongfully and intentionally, without authority and with intent to defraud, accessed a protected computer, in this case computers within Twitter's network, or caused the transmission of false information from the Twitter system used in interstate commerce and communication, and by means of such conduct furthered the intended fraud, including defrauding Plaintiffs and Plaintiffs' clients who are Twitter users.

26. These actions were unauthorized because they violated Twitter's Terms of Service.

27. Defendants' access of Twitter's computer network enabled Defendants to send large numbers of fraudulent and false "tweets," under the assumed identity of Plaintiffs, to Twitter account users, including Plaintiffs' clients and potential clients.

28. Such actions of Defendants are in violation of the Computer Fraud and Abuse Act of 1986, 18 U.S.C. § 1030 *et. seq.* (CFAA).

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES ......................................................................7

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

29. Pursuant to 18 U.S.C. § 1030(g), Plaintiffs are entitled to injunctive or other equitable relief as well as compensatory damages.

30. As a direct and proximate result of Defendants' conduct in violation of the CFAA, Plaintiffs have suffered and will continue to suffer damages which are not fully ascertainable at this time, but which Plaintiffs will show more specifically at trial.

31. Defendants' conduct in violation of the CFAA will continue unless enjoined by this Court.  Plaintiffs are without adequate remedy at law and is threatened with irreparable loss, injury, and damage unless the Court grants the equitable relief requested.

## COUNT II

### Unfair Competition

32. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 31 as fully rewritten herein.

33. On information and belief, Defendants' unauthorized use of marks, trade names, and domain names confusingly similar to Plaintiffs' registered and common law trade names is intended to deceive the public and is done with deliberate and willful intent to disparage or pass off services and products as those of Plaintiffs' services and products that are in no way associated with Defendants.

34. On information and belief, Defendants' acts are intended to divert and secure to Defendants the recognition and profit arising from Plaintiffs' reputation and goodwill as embodied in Plaintiffs' distinctive names.

35. On information and belief, as a result of Defendants' unauthorized activities, Defendants have diverted sales and has secured monetary profits arising from Plaintiffs' reputation and goodwill and will continue to do so.

36. On information and belief, Defendants' use and disparagement of marks, trade names, and domain names confusingly similar to Plaintiffs' distinctive brands, marks, and trade names in the sale of services that are inferior to Plaintiffs' sale of services, has damaged

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES
..................................................................8

Seed Intellectual Property Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington  98104-7092
(206) 622-4900

Plaintiffs' goodwill and value in its marks and brands, and Defendants' continued use of the imposter Twitter sites in any form creates a continuing risk of greater injury to the Plaintiffs.

37. Defendants' acts constitute unfair competition under the Federal and Washington common law of unfair competition, under The Washington Consumer Protection Act ("CPA"), which prohibits unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce," under Washington's Unfair Business Practices-Consumer Protection Act, Chapter 19.86 Revised Code of Washington and the Lanham Act, 15 U.S.C. §§1125(a).

38. Plaintiffs have suffered money damages in an amount to be determined as a result of Defendants' past activities, and Plaintiffs have no adequate remedy at law for Defendants' continuing activities.

## COUNT III

### INFRINGEMENT OF PLAINTIFFS' COMMON LAW TRADE NAME AND FALSE DESIGNATION OF ORIGIN OR A FALSE DESCRIPTION OR REPRESENTATION, IN VIOLATION OF THE LANHAM TRADEMARK ACT, 15 U.S.C.A. § 1125(a)

39. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 38 as fully rewritten herein.

40. Defendants' unauthorized use of Plaintiffs' marks, trade names, brands, and domain names is without permission or authorization by Plaintiffs.

41. On information and belief, Defendants have willfully infringed, continue to willfully infringe, and will continue to willfully infringe Plaintiffs' rights in its distinctive marks, trade names, and brands by the unauthorized use thereof with the intent to disparage and diminish the reputation and goodwill and to dilute or create a likelihood of dilution of the value associated with Plaintiffs' distinctive marks, trade names, and brands.

42. On information and belief, the services by Plaintiffs and Defendants John Does are so related, and the marks so similar, that Defendants' use of "Uli Behringer" as a mark or

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES
........................................................................9

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

trade name, or "Uli Behringer" as a Twitter account name, is likely to cause or has caused actual confusion, mistake, or deceived the public.

43. On information and belief, because the marks used by Defendants John Does are so related, and the marks and trade names are so similar to Plaintiffs', and Defendants' use of Plaintiffs' CEO's name "Uli Behringer" constitutes a false designation of origin or a false description or representation tending to falsely describe or represent Plaintiffs' goods and services in violation of 15 U.S.C.A. § 1125(a), and constitutes infringement of Plaintiffs' common law trade names in violation of 15 U.S.C.A. § 1125(a).

44. Plaintiffs have suffered money damages in an amount to be determined as a result of Defendants' past activities, and Plaintiffs have no adequate remedy at law for Defendants' continuing activities.

## COUNT IV

### CYBERPIRACY

45. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 44 as fully rewritten herein.

46. On information and belief, Defendants registered the Twitter account name "Uli Behringer" through the registrar of Twitter Inc. sometime on or near March 13, 2010.

47. Defendants' account name is identical or confusingly similar to Plaintiffs' CEO's name.

48. Defendants have willfully infringed, continue to willfully infringe, and on information and belief, will continue to willfully infringe Plaintiffs' rights in Plaintiffs' reputation and goodwill and its marks and brand names by the use of the confusingly similar "Uli Behringer" account name.

49. Plaintiffs have suffered money damages in an amount to be determined as a result of Defendants' past activities, and Plaintiffs have no adequate remedy at law for Defendants' continuing activities.

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES ....................................................................10

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

## COUNT V

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL OR BUSINESS RELATIONS

50. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 49 as fully rewritten herein.

51. Plaintiffs maintain ongoing and existing business relationships with Twitter users. Plaintiffs also maintain prospective relationships with potential customers, who are Twitter users, with whom Defendants have contacted and will continue to contact via Twitter.

52. On information and belief, Defendants have knowledge of these existing and prospective business relationships.

53. On information and belief, Defendant has acted intentionally, with improper motive and means to harm the business relationships of Plaintiffs.

54. Plaintiffs' business relationship and expectancies with Twitter users had a reasonable likelihood of future economic benefit for Plaintiffs.

55. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered substantial economic injury and loss of business opportunities together with attorney fees and other costs incurred as a direct result of the actions taken by Defendants.

56. Plaintiffs seek injunctive relief and compensatory and punitive damages in an amount to be proved at trial.

## COUNT VI

### DEFAMATION

57. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 56 as fully rewritten herein.

58. Defendants published and re-published false and defamatory statements about Plaintiffs and Plaintiffs' employees.

59. The false and defamatory statements published by Defendants regarding Plaintiffs and Plaintiffs' employees, as reasonably understood, impugn the integrity and

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES
................................................................11

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

competence of Plaintiffs and its employees, discredit Plaintiffs' business methods, undermine the confidence of the public and Plaintiffs' clients in Plaintiffs' business, and drive away the public and Plaintiffs' clients from using Plaintiffs' services.

60. The false and defamatory statements published by the Defendants, when considered alone, without innuendo, tend to subject Plaintiffs and its employees to hatred, distrust, ridicule, contempt, or disgrace, tend to injure Plaintiffs in its trade or profession, and attribute to Plaintiffs and its employees conduct, characteristics, or conditions incompatible with the proper exercise of a lawful business, trade, profession, or office.

61. Defendants owed and owe a duty to Plaintiffs to not publish false and defamatory statements about Plaintiffs and its employees. Such duty arising in part, on information and belief, from employment contracts signed by one or more JOHN DOES. In publishing the false and defamatory statements about Plaintiffs, Defendants breached that duty arising from common law and contract.

62. In publishing the false and defamatory statements about Plaintiffs, Defendants knew, or in the exercise of reasonable care should have known, that the statements were false.

63. In publishing the false and defamatory statements about Plaintiffs, Defendants acted with malice, actual malice, with knowledge that the statements were false, or with reckless disregard for their truth or falsity.

64. As a result of the foregoing publications of defamatory statements by Defendants, Plaintiffs have been damaged, including but not limited to damage to his reputation, and loss of business.

65. In carrying out the foregoing conduct, Defendants acted negligently, willfully, maliciously, and with reckless indifference to the consequences of their actions and the rights of Plaintiffs.

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES ...................................................................12

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

66. Plaintiffs demand judgment against Defendants, jointly and severally, for money damages in an amount to be proved at trial but which is in excess of $75,000.00, punitive damages, pre- and post-judgment interest, attorney's fees, litigation expenses, and costs.

## COUNT VII

### BREACH OF CONTRACT

67. Plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 66 as fully rewritten herein.

68. Plaintiffs' employees are required to sign an employment agreement that includes a Non-Disparagement clause in which employees agree to not "make any disparaging remarks concerning Company's actions, or perceived omissions, regarding this Agreement or otherwise take any action that would disparage or cast doubt upon the business acumen or judgment of Company. Further, Employee acknowledges that Company's business and reputation are of a special, unique, and extraordinary character, and which gives Company a particular value, the loss of which cannot reasonably be compensated in damages in an action at law."

69. Attached as Exhibit 5 is a copy of a form Employment Agreement containing the Non-Disparagement Clause in paragraph 10.4.

70. On information and belief at least one Defendant is a current employee of the Plaintiffs.

71. On information and belief, the at least one Defendant acted willfully and maliciously in posting to the unauthorized Twitter accounts.

72. The at least one Defendant's actions constitute a willful and wanton breach of the Employment Agreement, and such breach has irreparably damaged Plaintiffs' character and reputation, and Plaintiffs have suffered financially as a result of such breach in an amount to be determined at trial that is no less than $100,000.

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES
.................................................................. 13

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

COUNT VIII

COPYRIGHT INFRINGEMENT UNDER

17 U.S.C. §§ 101 ET. SEQ.

73. Plaintiffs repeat and reallege each of the allegations contained in paragraph nos. 1 through 72 of this Complaint, as if fully set forth herein.

74. Upon information and belief, Defendants have reproduced, transmitted, displayed, distributed, and created identical and derivative works of Plaintiffs' Copyrighted Works throughout the United States and without authorization.

75. Defendants have also committed indirect copyright infringement, including contributory or vicarious copyright infringement, by controlling, directing, inducing or materially contributing to the unauthorized reproduction, transmission, display, distribution, advertisement, and creation of identical and derivative works of Plaintiffs' Copyrighted Work throughout the United States by others without authorization.

76. Such activities constitute an infringement of Plaintiffs' copyrights in violation of 17 U.S.C. § 106.  Defendants knew of should have known that such actions were an infringement of Plaintiffs' copyrights in the Copyrighted Work.

77. Plaintiffs have been, and will continue to be, damaged by such actions in an amount to be proven at trial and in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law.  The actions of Defendants have damaged and will continue to damage Plaintiffs unless the acts of Defendants complained of herein are enjoined during the pendency of this action and thereafter.

RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for a judgment against Defendants and that this Court:

a. Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter in controversy in order that such declaration shall have the force and effect of

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES
.................................................................14

SEED INTELLECTUAL PROPERTY LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON  98104-7092
(206) 622-4900

final judgment and that the Court retains jurisdiction of this matter for the purpose of enforcing the Court's Order;

b. Pursuant to 28 USC § 2201, Order the removal of the "Uli Behringer" and "Fake Uli Behringer" Twitter accounts and find the actions of Defendants to be in violation of the Lanham Trademark Act, Computer Fraud and Abuse Act, Federal and Washington common law, Washington Consumer Protection Act, Breach of Contract and other applicable state law.

c. Pursuant to 28 USC § 2202, Fed. R. Civ. Pro. 64, 18 U.S.C. § 1030(g), and 15 U.S.C.A. § 1116, permanently enjoin Defendants from accessing, maintaining, or using the "Uli Behringer" and "Fake Uli Behringer" Twitter accounts.

d. Pursuant to 28 USC § 2202, Fed. R. Civ. Pro. 65, 18 U.S.C. § 1030(g), and 15 U.S.C.A. § 1117(a), award Plaintiffs' compensatory damages and attorney fees;

e. Post- and pre-judgment interest at the prevailing interest rate for all damages awarded to Plaintiffs; and

f. Grant such other and further relief as the Court deems equitable, just and proper.

DATED this 25th day of April, 2014,

    Respectfully submitted,

    SEED IP Law Group PLLC

    s/E. Russell Tarleton
    E. Russell Tarleton, WSBA 17,006

    s/Timothy L. Boller
    Timothy L. Boller, WSBA 29,079

    701 Fifth Avenue, Suite 5400
    Seattle, Washington 98104-7092
    Telephone: (206) 622-4900

    Attorneys for Plaintiffs
    MUSIC Group Macao Commercial Offshore Limited, and MUSIC Group Services US, Inc.

3102513_1.docx

COMPLAINT FOR INJUNCTIVE RELIEF AND MONETARY DAMAGES ................................................................... 15

Seed Intellectual Property Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104-7092
(206) 622-4900